UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DARRELL KELLY MIDDLEKAUFF, SR.,          Case No. 2:23-cv-01817-AA

       Petitioner,                                        OPINION AND ORDER

     v.

ERIN E. REYES, Superintendent, Two
Rivers Correctional Institution,

       Respondent.

AIKEN, District Judge.

     Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254 and challenges his state court convictions for Aggravated Murder and Sexual Abuse on grounds of trial court error, ineffective assistance of counsel, and prosecutorial misconduct. Respondent argues that the Petition should be denied because it is untimely and barred from federal review. Petitioner did not file a supporting brief or otherwise dispute Respondent's argument, and the Court ordered him to show cause why the Petition should not be denied. Petitioner did not respond to the Court's Order.

1 - OPINION AND ORDER

The record shows that Petitioner did not seek federal habeas relief within the one-year statute of limitations, and his Petition is time-barred.

## DISCUSSION

On August 1, 2011, after trial to the court, Petitioner was convicted of Aggravated Murder, seven counts of Sexual Abuse in the Second Degree, and seven counts of Unlawful Delivery of Methamphetamine to a Minor. Resp't Ex. 101. Petitioner directly appealed his convictions and the Oregon Court of Appeals affirmed in a written per curiam opinion. Resp't Ex. 106. On March 27, 2014, the Oregon Supreme Court denied review. Resp't Ex. 108.

On May 23, 2016, Petitioner sought post-conviction relief (PCR) in the Oregon courts and asserted several grounds for relief arising from counsel's alleged ineffective assistance. Resp't Exs. 112, 116, 145. The PCR court denied relief and the Oregon Court of Appeals affirmed. Resp't Exs. 200, 205, 208. On December 29, 2022, the Oregon Supreme Court denied review. Resp't Ex. 210. Petitioner sought to stay enforcement of the appellate judgment while he pursued a writ of certiorari with the United States Supreme Court, and the Oregon Supreme Court granted Petitioner's motion. Resp't Exs. 212-13. The United States Supreme Court denied certiorari and on June 2, 2023, the stay of appellate judgment was lifted. Resp't Ex. 216.

On October 5, 2023, Petitioner filed a successive PCR petition in the Oregon courts on grounds that his sentence is unlawful pursuant to recent changes in Oregon law, and the successive PCR petition remains pending. Resp't Exs. 219-20. On November 29, 2023, Petitioner signed the habeas Petition in this action.

Respondent argues that Petitioner filed his federal Petition beyond the one-year statute of limitations and the Petition is barred from federal review. I agree.

Generally, a petitioner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A state court conviction becomes final, and the one-year statute of limitations begins to run, at the conclusion of direct review proceedings. *Id.* § 2244(d)(l)(A). The limitations period is tolled, however, during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). A state PCR petition is no longer "pending" when "no other state avenues for relief remain open" rather the date on which the state court issues final judgment or mandate. *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

Here, Petitioner's conviction became final on June 25, 2014, when the ninety-day period to seek a writ of certiorari on direct appeal expired, and the one-year statute of limitations began to run on that date. *See* U.S. Sup. Ct. Rule 13.1 (stating that a petition for writ of certiorari must be filed "within 90 days after entry of the order denying discretionary review"); *see also* 28 U.S.C. § 2244(d)(l)(A) (providing that statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

The statute of limitations ran for 698 days before Petitioner filed his initial PCR petition on May 23, 2016. Resp't Ex. 112.[1] The limitations period was tolled, or stopped, during the pendency of Petitioner's PCR proceedings. 28 U.S.C. § 2244(d)(2). Petitioner unsuccessfully

---

[1] Although Petitioner signed his PCR petition on May 11, 2016, Oregon has rejected the "mailbox rule" and the limitations period did not begin tolling until the state court received the petition on May 23, 2016. *See Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (federal courts look to state law to determine state post-conviction filing requirements); *Baldeagle v. Lampert*, 185 Or. App. 326, 330-32 (2002).

3 - OPINION AND ORDER

appealed the denial of PCR relief, and on December 29, 2022, the Oregon Supreme Court denied review. Resp't Ex. 210. The time to seek reconsideration of the order denying review expired fourteen days later, on January 12, 2023. *See* Or. R. App. P. 9.25(1) ("A party seeking reconsideration of a decision of the Supreme Court shall file a petition for reconsideration within 14 days after the date of the decision."). No further avenues of state PCR relief remained opened to Petitioner at that time, and the statute of limitations restarted on January 12, 2023.[2]

Another 266 days elapsed before Petitioner filed a successive state court PCR petition on October 5, 2023. That action remains pending and it is unclear whether the successive PCR petition was "properly filed" so as to toll the statute of limitations.

Assuming that the successive PCR petition was properly filed, the statute of limitations ran for at least 964 days before Petitioner filed his federal Petition in this action, well beyond the one-year limitations period. Petitioner presents no argument to support equitable tolling, and the Petition is untimely and barred from federal review.

## CONCLUSION

The Petition (ECF No. 1) was not filed within the statute of limitations, and it is DENIED as untimely. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  29th  day of October, 2024.

                                       /s/Ann Aiken
                                       ANN AIKEN
                             United States District Judge

---

[2] Petitioner's attempt to seek certiorari during his PCR appeal did not toll the statute of limitations. *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007). Regardless, the one-year statute of limitations had expired by that time.

4 - OPINION AND ORDER